Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
Shant Karnikian (SBN 285048)
sk@kbklawyers.com
Jerusalem F. Beligan (SBN 211258)
jfb@kbklawyers.com
**KABATECK LLP**
633 W. Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 217-5000

James L. Simon (*pro hac vice* forthcoming)
james@simonsayspay.com
**SIMON LAW CO.**
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696

Michael L. Fradin (*pro hac vice* forthcoming)
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helaine Heid; and Ingrid Leeman, individually, and on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   vs.<br><br>CyraCom International, Inc., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. **'22CV1445 MMA AGS**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Helaine Heid ("Plaintiff Heid") and Ingrid Leeman ("Plaintiff Leeman," collectively "Plaintiffs"), individually and on behalf of themselves and all other persons similarly situated, file this collective and class action complaint ("Complaint") against defendant CyraCom International, Inc. (hereafter "CyraCom" or "Defendant") and DOES 1 through 10 (collectively, "Defendants") and allege as follows:

## PRELIMINARY STATEMENT

1.      The Complaint is brought as a collective action and class action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and Fed. R. Civ. P. 23 ("Rule 23"), respectively. The claims in the Complaint are brought under the following federal and state statutes: (1) the FLSA; (2) California Labor Code §§ 201-203, 226, 226.7, 227.3, 510, 512, 1194, 1194.2, 2802, and applicable Industrial Welfare Commission Order ("Wage Order"); and (3) California Business & Profession § 17200, *et seq.* (the "UCL"). The claims are premised on CyraCom's failure to pay Plaintiffs and other similarly-situated employees (referred to herein as the "Collective Members" and "Class Members") all earned minimum and overtime wages, failure to provide compliant meal-and-rest periods, failure to pay all vested vacation, failure to furnish accurate wage statements, failure to reimburse reasonable and necessary business expenses, and failure to pay all earned wages due upon separation.

2.      Plaintiffs, the Collective Members and the Class Members are current and former employees of CyraCom. Plaintiffs bring this Complaint on behalf of themselves and all similarly-situated current and former Interpreters (also referred to as the "Covered Positions") of CyraCom.[1]

3.      The Collective Members are all current and former Interpreters, or other

---

[1] For purposes of the Complaint, the term "Interpreters" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and the putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1  similarly titled employees, who were employed by CyraCom starting three years before

2  this Complaint was filed, up to the present.

3      4.    The California Class Members are all current and former Interpreters, or

4  other similarly titled employees, who were employed by CyraCom within the state of

5  California starting four years before this Complaint was filed, up to the present.

6      5.    Under the FLSA, employers must pay all non-exempt employees an

7  overtime wage premium of pay one and one-half times their regular rate of pay for all

8  time they spend working over 40 hours in a workweek, and must include all

9  remuneration when calculating the overtime rate of pay. CyraCom failed to pay

10  Plaintiffs and the Collective Members one and one-half times their regular rate of pay

11  for all time they spent working over 40 hours in a workweek and CyraCom did not

12  include all nondiscretionary bonuses in calculating their regular rate of pay. Plaintiffs

13  therefore bring this Complaint as a collective action under 29 U.S.C. § 216(b) for

14  CyraCom's violation of federal law as detailed further below.

15      6.    Under the FLSA "[r]est periods of short duration, running from 5 minutes

16  to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see*

17  *also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). CyraCom

18  violated the FLSA by routinely failing to pay Plaintiffs and the Collective Members for

19  rest breaks shorter than 20 minutes.

20      7.    The wage requirements of the FLSA "will not be met where the employee

21  'kicks-back' directly or indirectly to the employer or to another person for the

22  employer's benefit the whole or part of the wage delivered to the employee." *See* 29

23  C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee

24  must provide tools of the trade which will be used in or are specifically required for the

25  performance of the employer's particular work, there would be a violation of the Act in

26  any workweek when the cost of such tools purchased by the employee cuts into the

27  minimum or overtime wages required to be paid him under the Act." *Id*. CyraCom

28

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

violated the FLSA by requiring Plaintiffs and the Collective Members to provide the internet service, internet equipment and replacement computer equipment necessary to complete their Interpreter job duties for CyraCom while failing to reimburse Plaintiffs and the Collective Members for the costs of the same.

8.    Under California law and the applicable Wage Order, Defendants were required to pay Plaintiffs and California Class Members an hourly wage for each and every hour worked. *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. During the California Class Period (as defined below), Plaintiffs and California Class Members regularly and consistently worked before and after their shifts, including meal periods, for which they were not paid an hourly wage in violation of California Law.

9.    Under California law and the applicable Wage Order, "[a]ny work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. During the California Class Period, Plaintiffs and California Class Members regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week for which they were not paid one and one-half times or double their regular rate of pay and CyraCom did not include all nondiscretionary bonuses in calculating their regular rate of pay.

10.    Under California law and the applicable Wage Order, Defendants were required to provide Plaintiffs and California Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.7, 512; *see also* Wage Order 4 § 11. California law also requires Defendants to pay Plaintiffs and California Class Members premium wages

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

(at their regular rate of pay) when Defendants failed to provide Plaintiffs and California Class Members compliant meal periods. Defendants violated California law by failing to provide Plaintiffs and California Class Members off-duty, uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked. Plaintiffs and California Class Members regularly and consistently worked over 5 and 10 hours a day and were unable to take a first meal period or second meal period when they worked more than 10 hours in a day. On other occasions, Plaintiffs and California Class Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On other occasions, Plaintiffs and California Class Members worked through their meal periods, but were neither paid an hourly wage for the time worked (as alleged above), nor were they paid a premium wage at their regular rate of pay.

11. Under California law and the applicable Wage Order, Defendants were required to provide Plaintiffs and California Class Members compliant rest periods of at least 10 minutes, free from employer control, for every 4 hours worked or major fraction thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order 4 § 12. Defendants violated California law by not providing Plaintiffs and California Class Members with 10 minute rest periods for every four hours worked or major fraction thereof. Plaintiffs and California Class Members' rest breaks were regularly and consistently interrupted, less than 10 minutes, and/or not duty free. Plaintiffs and California Class Members were not paid a premium wage (at their regular rate of pay) for these rest-period violations.

12. Under California law, Defendants must allow all accrued and unused Paid Time Off ("PTO") to carryover into the following calendar year and must pay their employees all accrued and unused PTO at the time of termination at the employees' final rate of pay. *See* Cal. Lab. Code § 227.3. Under California law, PTO is a wage that vests once accrued. Defendants had a PTO policy whereby Plaintiffs and California Class Members would accrue PTO each payroll period based on their completed years

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

of service. However, Defendants violated California law by capping the amount of PTO that can be carried over to the following calendar year at 40 hours. As such, Plaintiffs and California Class Members who accrued more than 40 hours of PTO and which were not carried over to the following calendar year were deprived of earned wages. Moreover, Defendants terminated Plaintiffs and other California Class Members without paying them the PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiffs and California Class Members would not receive their accrued and vested PTO wages upon termination.

13.    Under California law, Defendants were required to provide Plaintiff Heid and California Class Members, "semimonthly or at the time of each payment of wages," with accurate wage statements showing, among other things: "(1) gross wages earned, (2) total hours worked by the employee…, [3] net wages earned, … [4] the name and address of the legal entity that is the employer …, and [5] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" Cal. Lab. Code § 226(a). By failing to, among other things, include all hours worked in the wage statements, failing to accurately reflect all wages earned, failing to include premium wages for meal-and-rest period violations, and failing to include the correct name of the employer, Defendants knowingly and intentionally failed to provide Plaintiff Heid and California Class Members with accurate wage statements. *See Naranjo v. Spectrum Security Services, Inc.*, 13 Cal.5th 93 (2022).

14.    Under California law, Defendants are required to adequately indemnify Plaintiffs and California Class Members for employment-related business expenses. *See* Cal. Lab. Code § 2802. As alleged above, Plaintiffs and California Class Members were required to provide internet services, internet equipment and replacement computer equipment necessary to complete their Interpreter job duties for CyraCom. Defendants failed to reimburse Plaintiffs and the California Class Members for these

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1  business expenses.

2      15.    Under California law, Defendants are required to pay Plaintiffs and

3  California Class Members their final wages immediately upon termination, or within

4  72 hours of voluntarily leaving employment. *See* Cal. Lab. Code §§ 201-203. As alleged

5  above, Plaintiffs and California Class Members worked hours for which they were not

6  properly paid and were deprived of vested PTO wages and therefore not paid all wages

7  due upon separation. Accordingly, Plaintiffs and California Class Members, who are

8  former employees, are entitled to waiting-time penalties. *Id.*

9      16.    Under California law, Defendants' violations of the FLSA and

10 aforementioned California Labor Codes constitutes a violation of the UCL.

11                      **JURISDICTION AND VENUE**

12     17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29

13 U.S.C. § 201, *et seq.*, because this civil action arises under the laws of the United States.

14     18.    Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts

15 giving rise to the claims of Plaintiffs, Collective Members and Class Members occurred

16 within this district.

17     19.    From approximately July 15, 2009 through the present, Plaintiff Heid was

18 a resident of San Diego County and performed work for CyraCom within the state of

19 California.

20     20.    From approximately December 27, 2012 through August 12, 2022,

21 Plaintiff Leeman was a resident of Santa Barbara County, California and performed

22 work for CyraCom within the state of California.

23     21.    CyraCom regularly conducts business in and has engaged in the wrongful

24 conduct alleged herein—and thus is subject to personal jurisdiction—in this judicial

25 district.

26     22.    Plaintiffs, the Collective Members, and the Class Members in their work

27 for CyraCom were employed by an enterprise engaged in commerce with annual gross

28
**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

sales of at least $500,000.

## PARTIES

23.    At all times material to the matters alleged in this Complaint, Plaintiff Heid is a current employee of CyraCom and Plaintiff Leeman is a former employee.

24.    Plaintiff Heid is a full-time employee of CyraCom, who works as an Interpreter within the state of California from approximately July 15, 2009 through the present.

25.    Plaintiff Leeman was a both a part-time and full-time employee of CyraCom, who worked as an Interpreter within the state of California from approximately January 1, 2013 through approximately March 12, 2020.

26.    The Collective Members are all current and former Interpreters who worked for CyraCom in the United States at any point in the three years preceding the filing of this Complaint to the present (the "FLSA Collective Period").

27.    The California Class Members are all current and former Interpreters who worked for CyraCom in the state of California at any point in the four years preceding the filing of this Complaint to the present (the "California Class Period").

28.    The Collective and Class Members are non-exempt employees under the FLSA and California law and therefore entitled to minimum wage, overtime, compliant meal-and-rest periods, and reimbursement of reasonable and necessary business expenses.

29.    At all material times, CyraCom International, Inc. does business as CyraCom.

30.    At all material times CyraCom International, Inc. is a Delaware corporation duly licensed to transact business in the state of California.

31.    Under the FLSA and California law, CyraCom is an employer. At all relevant times, CyraCom had the authority to hire and fire employees, supervised and controlled the work schedules or the conditions of employment, determined the rate

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

and method of payment, and maintained employment records in connection with Plaintiffs' employment with CyraCom. As a person who acted in the interest of CyraCom in relation to the company's employees, it is subject to liability under the FLSA and California law.

32.    At all material times, Plaintiffs, the Collective Members and Class Members were employees of CyraCom as defined by the FLSA, 29 U.S.C. § 203(e)(1) and California law.

33.    At all material times, Plaintiffs, the Collective Members and Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1) and California law.

34.    Plaintiffs have given their written consent to be named parties in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibits A and B**.

35.    The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiffs, who therefore sue such defendants by such fictitious names. Plaintiffs will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiffs are informed and believe, and based thereon alleges, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiffs and the Collective and Class Members for the events, happenings, and damages set forth below.

36.    Plaintiffs are informed and believe, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

1    ratification of their co-defendants.

2    <u>**FACTUAL ALLEGATIONS**</u>

3    37.    CyraCom provides remote translation and interpretation services to its

4    clients worldwide.[2]

5    38.    The Collective Members are all current and former Interpreters who

6    worked for CyraCom nationwide during the FLSA Collective Period. The Collective

7    Members are non-exempt from the FLSA's overtime requirements.

8    39.    The California Class Members are all current and former Interpreters

9    who worked for CyraCom in California during the California Class Period. The

10   California Class members are non-exempt employees and therefore entitled to an

11   hourly wage for each and every hour worked, overtime, compliant meal-and-rest

12   periods, vested PTO wages, and reimbursement for all reasonable and necessary

13   business expenses incurred.

14   40.    Plaintiffs continue to work or worked for CyraCom as Interpreters,

15   providing two-way language interpretation for its clients. At all relevant times,

16   Plaintiff Heid worked remotely from her residence in San Diego County, California. At

17   all relevant times, Plaintiff Leeman worked remotely from her residence in Santa

18   Barbara County, California. The Collective and Class Members similarly work

19   remotely using CyraCom's propriety technology, hardware, and software.

20   41.    At all relevant times, Plaintiffs are or were compensated on an hourly

21   basis at a rate of approximately $20.00.

22   42.    At all relevant times, Plaintiffs worked more than 8 hours a day and/or

23   more than 40 hours per week.

24   43.    During every workweek, Plaintiffs, the Collective Members and Class

25   Members were paid on an hourly basis.

26
    _____

27   [2] *See* https://www.cyracominternational.com/video-interpretation/ (last visited Sept.
     26, 2022).

28
                                    - 10 -
     **COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

44.     Plaintiffs, the Collective Members, and the Class Members performed their duties, work and provided their interpretation services for CyraCom remotely. As part of this design, CyraCom issues Plaintiffs, the Collective Members and the Class Members computer, audio and video equipment for use in Plaintiffs', the Collective Members' and the Class Members' homes. This CyraCom equipment contains CyraCom's proprietary software programs which Plaintiffs, the Collective Members and the Class Members must log on to perform their job functions for CyraCom.

45.     At all relevant times, Plaintiffs, the Collective Members, and the Class Members have been subject to CyraCom's policy of requiring Plaintiffs, the Collective Members and the Class Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

46.     Specifically, Plaintiffs, the Collective Members, and the Class Members must set up the required equipment and perform quality checks before "clocking in." In addition, Plaintiffs, the Collective Members and the Class Members are required to spend time booting up and logging into their computers before clocking in for their shifts. As a result, Plaintiffs, the Collective Members and the Class Members were being required to perform pre-shift work for which they were not being compensated. Moreover, Plaintiffs, the Collective Members and the Class Members are required to clock out at the end of their shift before logging off, shutting down their computers and cleaning equipment issued by CyraCom. As a result, Plaintiffs, the Collective Members and the Class Members were being required to perform post-shift work for which they were not being compensated.

47.     As a result of the pre- and post-shift work, Plaintiffs, the Collective Members and the Class Members typically spend at least 15 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In all instances, CyraCom's failure to compensate Plaintiffs, the Collective Members and the Class Members for such time violates the minimum wage provisions

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

of the FLSA and California law. In all instances wherein Plaintiffs, the Collective Members and the Class Members work over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs, the Collective Members and the Class Members for such time – at one and one-half times their regular rate of pay – violates the overtime provisions of the FLSA and California law. In all instances wherein Plaintiffs and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs and the California Class Members for such time – at one and one-half times their regular rate of pay – violates the overtime provisions of California law.

48.    Plaintiffs, the Collective Members and the Class Members are only "clocked-in" and compensated when they are logged into CyraCom's proprietary software system. Anytime that Plaintiffs, the Collective Members and the Class Members need to take a rest or meal break, they must log out of CyraCom's proprietary software system. As a result, Plaintiffs, the Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

49.    CyraCom's failure to pay Plaintiffs, the Collective Members and the Class Members for rest breaks of 20 minutes or less violates the minimum wage provisions of the FLSA and California law in all instances. In all instances wherein Plaintiffs, the Collective Members and the Class Members worked over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs, the Collective Members and the Class Members for any break of 20 minutes or less violates the overtime provisions of the FLSA and California law. In all instances wherein Plaintiffs and California Class Members worked more than 8 hours in, but not over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs and the California Class Members for any break of 20 minutes or less violates the overtime provisions of California law.

50.    CyraCom employed Plaintiffs and California Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

periods of at least 30 minutes each. CyraCom, however, failed to provide Plaintiffs and California Class Members duty-free meal periods of at least 30 minutes for every five hours worked. As a result, Plaintiffs and California Class Members missed their meal periods, worked through the meal periods, the meal periods were interrupted, or were taken late. By failing to provide Plaintiffs and California Class Members with 30-minute, off duty, compliant meal breaks for every five hours worked, CyraCom owes Plaintiffs and California Class Members premium wages (at their regular rate of pay) for these meal period violations.

51.     CyraCom employed Plaintiffs and California Class Members for work periods of four hours or more without rest periods of at least 10 minutes of rest time for every four hours worked, or major fraction thereof. In addition, the rest breaks were regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide Plaintiffs and California Class Members with 10-minute, off duty, compliant rest breaks for every four hours worked or major fraction thereof, CyraCom owes Plaintiffs and California Class Members premium wages (at their regular rate of pay) for these rest period violations.

52.     CyraCom has a policy whereby Plaintiffs and California Class Members can accrue PTO each pay period based on their completed years of service. But the maximum amount of PTO that can be carried over to the next year is 40 hours. As such, CyraCom was depriving Plaintiffs and California Class Members of earned wages.

53.     By failing to provide Plaintiff Heid and California Class Members wage statements showing all hours worked, all wages earned, including meal-and-rest premiums for meal and rest period violations, and the correct hourly rates for each hour worked, CyraCom knowingly and intentionally violated California Labor Code §§ 226, 1174(d), 1198 and Wage Order No. 4. *See also Naranjo, supra,* 13 Cal.5th 93.

54.     CyraCom requires Plaintiffs, the Collective Members and the Class Members to supply their own telephone, telephone service, highspeed internet, routers,

- 13 -
**COLLECTIVE AND CLASS ACTION COMPLAINT | No. _____**

modems and replacement computer equipment which are necessary for the Plaintiffs, the Collective Members and the Class Members to perform their job duties for CyraCom. However, CyraCom fails to reimburse Plaintiffs, the Collective Members and the Class Members for these business expenses required by CyraCom. As a result, CyraCom has violated the FLSA and California law.

55.     CyraCom failed to pay Plaintiff Leeman and California Class Members all wages due to them immediately upon termination, or within 72 hours of voluntarily leaving employment.

56.     As alleged herein, CyraCom's violations of the FLSA and California's labor laws constitute an unfair, fraudulent or unlawful business practice under the UCL.

## **COLLECTIVE ACTION ALLEGATIONS**

57.     Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

58.     Plaintiffs bring this action under 29 U.S.C. § 216(b) on their own behalf, and as representatives of individuals similarly situated, who are current or former Interpreters employed by CyraCom.

59.     CyraCom subjected all its Interpreters, including Plaintiffs and the Collective Members, to its policy and practice of not paying them minimum wage or overtime for all time spent setting up equipment; booting up computers and launching CyraCom software; logging out of CyraCom software; shutting down computers; taking down audio and video equipment; and cleaning and maintaining equipment in violation of 29 U.S.C. §§ 206 and 207.

60.     CyraCom subjected all its Interpreters, including Plaintiffs and the Collective Members, to its policy of failing to pay Plaintiffs and the Collective Members for all breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

61.     CyraCom subjected all its Interpreters, including Plaintiffs and the

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Collective Members, to its policy of requiring Plaintiffs and the Collective Members to provide highspeed internet service, equipment and replacement computer equipment without reimbursing Plaintiffs and the Collective Members for same.

62.    Plaintiffs' claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

63.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

64.    CyraCom's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

65.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by CyraCom that caused harm to the Collective Members.

66.    As such, Plaintiffs brings their FLSA minimum wage and overtime claims as a collective action on behalf of the following FLSA class:

> **All of CyraCom's current and former Interpreters and those with similar job duties, but different titles, who worked for CyraCom in the United States during the FLSA Collective Period.**

67.    CyraCom's unlawful conduct, as described herein, is pursuant to CyraCom's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

68.    CyraCom is aware or should have known federal law prohibited it from not paying Plaintiffs and the Collective Members all minimum wage and overtime as

- 15 -
**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

detailed herein.

69.     CyraCom's unlawful conduct has been widespread, repeated, and consistent.

70.     This action is properly brought and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

71.     Upon information and belief, the individuals similarly situated to Plaintiffs include hundreds, and likely thousands, of Interpreters currently and/or formerly employed by CyraCom. Plaintiffs cannot state the precise number of similarly-situated employees because that information is solely in CyraCom's possession, custody, or control, but it can be readily ascertained from its employment records.

72.     Notice can be provided to the Collective Members by First Class Mail to the last address known to CyraCom, via email at the last known email address known to CyraCom, and by text message to the last known telephone number known to CyraCom.

## RULE 23 CALIFORNIA CLASS DEFINITION AND ALLEGATIONS

73.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74.     Plaintiffs bring Claims for Relief in violation of California wage-and-hour laws as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following Rule 23 California Class:

> **All of CyraCom's current and former Interpreters and those with similar job duties, but different titles, who worked for CyraCom within California during the California Class Period.**

75.     In the alternative, and for the convenience of this Court and the parties, Plaintiffs may seek to certify subclasses at the time the motion for class certification is filed.

76.     **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

joinder of all members is impracticable. Plaintiffs are informed and believe that CyraCom employed greater than 100 people who satisfy the definition of the Class Members.

77.    **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiffs and the Class Members including, but not limited to, the following:

a.   Whether CyraCom violated California law by failing to pay California Class Members at the least the minimum wage for all hours worked;

b.   Whether CyraCom violated California law by failing to pay California Class Members overtime compensation for all overtime hours worked at one and one-half times their regular rate of pay;

c.   Whether CyraCom violated California law by failing to provide California Class Members first and second meal periods of at least 30-minutes when the shifts exceeded 5 and 10 hours of work, and not compensating employees with one hour of pay at the employees' regular rate of compensation for each workday that meal periods were not provided;

d.   Whether CyraCom violated California law by failing to provide California Class Members daily rest periods of 10 minutes per 4 hours or major fraction thereof worked when the shift exceeded three-and-a half hours and by failing to compensate employees one hour's wages in lieu of rest periods;

e.   Whether CyraCom violated California law by capping the amount of PTO hours that can be carried over into the following calendar year;

f.   Whether CyraCom violated California law by failing to provide California Class Members accurate wage statements;

g.   Whether CyraCom violate California law by failing to reimburse

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

California Class Members for all reasonable and necessary business expenses incurred;

h. Whether CyraCom violated California law by failing to timely pay California Class Members all earned wages and final paychecks due at the time of separation of employment;

i. Whether CyraCom's practices constitute an unfair, fraudulent, or unlawful business practice under the UCL;

j. Whether CyraCom unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

k. The damages sustained and the proper measure of restitution recoverable by the California Class Members.

78. **Typicality (Rule 23(a)(3)).** Plaintiff's' claims are typical of the Class Members' claims. Plaintiffs, like the Class Members, was subjected to CyraCom's illegal scheme to maximize profits by depriving its employees of minimum wage and overtime compensation, compliant meal-and-rest periods, vested PTO, accurate wage statements, and shifting the cost of business expenses from itself to the Class Members.

79. **Adequacy (Rule 23(a)(4)).** Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

80. **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because CyraCom acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

81. **Predominance and Superiority of Class Action (Rule 23(b)(3)).**

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. CyraCom's common and uniform policies and practices illegally deprived Plaintiffs and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about CyraCom's practices.

82.     Plaintiffs intend to send notice to all Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK WORK

83.     Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

84.     CyraCom has a consistent, enterprise-wide policy of requiring Plaintiffs and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiffs and the Collective Members their regular rate of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

85.     Plaintiffs and the Collective Members perform their duties and provide their interpretation services for CyraCom remotely. As part of this design, CyraCom issues Plaintiffs and the Collective Members computer, audio and video equipment for use in Plaintiffs' and the Collective Members' homes. This CyraCom equipment

- 19 -
**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

contains its proprietary software programs which Plaintiffs and the Collective Members must log on to perform their job duties.

86.    At all relevant times, Plaintiffs and the Collective Members have been subject to CyraCom's policy of requiring Plaintiffs and the Collective Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

87.    Specifically, Plaintiffs and the Collective Members must set up the required equipment and perform quality checks before being "clocked in" and therefore perform uncompensated work. Moreover, Plaintiffs and the Collective Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off, shutting down their computers and cleaning and maintaining the equipment issued by CyraCom.

88.    As a result, Plaintiffs and the Collective Members typically spend at least 15 minutes or more each shift that goes completely uncompensated. In all instances, CyraCom's failure to compensate Plaintiffs and the Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiffs and the Collective Members work over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs and the Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

89.    Although at this stage, Plaintiffs and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

90.     CyraCom knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the Collective Members during their employment would violate the FLSA, and CyraCom knew the FLSA's minimum wage and overtime requirements. As such, CyraCom's conduct constitutes a willful violation of the FLSA.

91.     As a result of CyraCom's failure or refusal to pay Plaintiffs and the Collective Members for all hours worked, and CyraCom's failure or refusal to pay Plaintiffs and the Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, CyraCom violated 29 U.S.C. §§ 206 and 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACTS
## UNLAWFUL UNPAID BREAKS

92.     Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

93.     Under the FLSA, "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). CyraCom violated the FLSA by routinely failing to pay Plaintiffs and the Collective Members for rest breaks shorter than 20 minutes.

94.     Plaintiffs, the Collective Members, and the Class Members are only "clocked-in" and compensated when they are logged into CyraCom's proprietary software system. Anytime that Plaintiffs, the Collective Members and the Class Members need to take a rest or meal break, they must log out of CyraCom's proprietary

**COLLECTIVE AND CLASS ACTION COMPLAINT │No. _____**

software system. As a result, Plaintiffs, the Collective members and the Class Members are not paid for rest breaks of 20 minutes or less.

95.    CyraCom's failure to pay Plaintiffs and the Collective Members for breaks of 20 minutes or less violates the minimum wage provisions of the FLSA in all instances. In all instances wherein Plaintiffs and the Collective Members worked over 40 hours in a workweek, CyraCom's failure to compensate Plaintiffs and the Collective Members for any break of 20 minutes or less violates the overtime provisions of the FLSA.

96.    CyraCom is in possession of all of the time punch records and documents reflecting hours worked which Plaintiffs do not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiffs and the Collective Members were paid, and all of the breaks for which Plaintiffs and the Collective Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

97.    Although at this stage, Plaintiffs and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

98.    CyraCom knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the Collective Members during their employment would violate the FLSA, and CyraCom knew the FLSA's minimum wage and overtime requirements. As such, CyraCom's conduct constitutes a willful violation of the FLSA.

99.    As a result of CyraCom's failure or refusal to pay Plaintiffs and the Collective Members their regular rate of pay for all hours worked and one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek,

- 22 -

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

CyraCom violated 29 U.S.C. §§ 206 and 207. Plaintiffs and the Collective Members are therefore entitled to compensation for unpaid wages at their regular rate of pay for non-overtime hours worked and one and one-half times their regular rate of pay for unpaid overtime hours, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## IMPROPER KICKBACKS

100.    Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 785.18. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

102.    CyraCom requires Plaintiffs and the Collective Members to supply their own highspeed internet service, internet equipment and replacement computer equipment. However, CyraCom fails to reimburse Plaintiffs and the Collective Members for such required service and equipment. As such, CyraCom has violated the overtime provisions of the FLSA.

103.    Although at this stage, Plaintiffs and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiffs and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

104.    CyraCom knew, or acted with reckless disregard, that its refusal or failure to properly compensate Plaintiffs and the Collective Members during their employment would violate the FLSA, and CyraCom knew the FLSA's overtime requirements. As such, CyraCom's conduct constitutes a willful violation of the FLSA.

105.    As a result of CyraCom's failure to reimburse Plaintiffs and the Collective Members for their internet service, internet equipment and replacement computer equipment, CyraCom violated the minimum wage and overtime provisions of the FLSA. Plaintiffs and the Collective Members are therefore entitled to minimum wage and overtime compensation, to be proven at trial, plus an equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT FOUR: VIOLATION OF CALIFORNIA'S MINIMUM WAGE REQUIREMENTS

### (Cal. Lab. Code §§ 200, 218 and 1194)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the California Rule 23 Class Against all Defendants)

106.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

107.    In addition to the FLSA, Plaintiffs seek to represent the proposed California Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Rule 23 Class in a legally identical way, Plaintiffs, at the appropriate time, will move to certify the California Class to the extent permitted by Rule 23.

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

108.    Under Labor Code § 1194, employees must be separately paid an hourly wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012). A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre- and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). The California Supreme Court has held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable, Inc.,* 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

109.    Plaintiffs and the proposed Rule 23 California Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

110.    As set forth above, California law requires employers, such as Defendants, to pay a separately hourly wage to all nonexempt employees for each and every hour worked. Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

111.    Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

112.    At all relevant times herein, Defendants were required to compensate Plaintiff and the members of the California Rule 23 Class for all hours worked pursuant to Labor Code § 1194.

113.    By uniformly and consistently failing to pay members of the California Rule 23 Class for pre- and post-shift work, rest periods, and time during which employees were not provided duty-free, uninterrupted meal periods, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

114.    Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum wages to Plaintiffs and the proposed California Rule 23 Class, in an amount according to proof at trial.

115.    Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

116.    Plaintiffs are informed and believe that the nonpayment of minimum wages for all hours worked also entitles Plaintiffs and the proposed California Rule 23 Class to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2

**COUNT FIVE: VIOLATION OF CALIFORNIA'S OVERTIME LAWS**

**(Cal. Lab. Code §§ 510 and 1194)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the**

**California Rule 23 Class Against all Defendants)**

- 26 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

117.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

118.    In addition to the FLSA, Plaintiffs seeks to represent the proposed California Rule 23 Class as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Rule 23 Class in a legally identical way, Plaintiffs, at the appropriate time will move to certify the California Class to the extent permitted by Rule 23.

119.    Plaintiffs and the proposed California Rule 23 Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable Wage Order.

120.    During the California Class Period, Plaintiffs and members of the California Rule 23 Class were primarily engaged in non-exempt duties. Plaintiffs and members of the California Rule 23 Class were neither managers, administrative, nor professional employees. No known exemptions to overtime apply to Plaintiffs or members of the California Rule 23 Class. Accordingly, Plaintiffs and members of the California Rule 23 Class were entitled to overtime during the California Class Period.

121.    California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

122.   Labor Code § 510(a) states: "Any work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

123.   Throughout the California Class Period, as alleged above, Plaintiffs and members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. During the California Class Period, Defendants did not pay Plaintiffs and members of the California Class overtime pay for all overtime hours worked at one and one-half times their regular rate of pay.

124.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and members of the California Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## COUNT SIX: VIOLATION OF CALIFORNIA'S MEAL-AND-REST PERIOD REQUIREMENTS

**(Cal. Lab. Code §§ 226.7, 512 and Applicable Wage Order)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the California Rule 23 Class)**

125.   Plaintiffs reallege and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

126.   Labor Code § 226.7(b) provides, in pertinent part, that "[a]n employer shall not require an employee to work during a meal or rest or recovery period

- 28 -

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

127.   Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

128.   Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

129.   Section 11(A) of the applicable Wage Order provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. "The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

130.   Section 11(B) of the Wage Order provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

131.   Plaintiffs and the members of the California Rule 23 Class consistently worked over five hours, and ten hours, per shift and therefore were entitled to a first

- 29 -
**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

and second meal period of not less than 30 minutes prior to exceeding fifth and tenth hour of work.

132.    Plaintiffs and members of the California Rule 23 Class did not waive their meal periods by mutual consent with Defendants or otherwise.

133.    Plaintiffs and members of the California Rule 23 Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

134.    Similarly, Plaintiffs and members of the proposed California Rule 23 Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every 4 hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

135.    As alleged above, Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Sections 11 and 12 of the applicable Wage Order. Defendants did not provide compliant meal periods and, as a result, Plaintiffs and members of the California Rule 23 Class missed their meal periods, took short meal periods, and/or took late meal periods. In addition, the meal periods that Plaintiffs and members of the California Rule 23 Class did take were not duty free and free from employer control. Defendants further did not authorize or permit compliant rest periods for every four hours worked, or major fraction thereof, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

136.    Pursuant to Section 11(B) and Section 12 of the applicable Wage Order and Labor Code §226.7(c)—which states "[i]f an employer fails to provide an employee a meal or rest ... period in accordance with a state law ..., the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest ... period is not provided"— Plaintiffs and the

- 30 -

**COLLECTIVE AND CLASS ACTION COMPLAINT** | No. _____

members of the California Rule 23 Class are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

137.    Pursuant to Labor Code § 218.6 and Civil Code § 3287, Plaintiff and the members of the California Rule 23 Class seek recovery of prejudgment interest on all amounts recovered herein.

138.    Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay per day for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## COUNT SEVEN: FAILURE TO PAY ALL ACCRUED AND VESTED PTO WAGES

### (Cal. Lab. Code § 227.3)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the California Rule 23 Class)

139.    Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint as if fully pled herein.

140.    At times relevant to this Complaint, Plaintiffs and California Rule 23 Class Members were non-exempt hourly employees of Defendants, covered by California Labor Code § 227.3.

141.    California Labor Code § 227.3 states in relevant part: "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…."

- 31 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

142.    Defendants had a policy whereby Plaintiffs and California Rule 23 Class Members would accrue PTO based on how long they worked for Defendants.

143.    However, as Plaintiffs and similarity situated employees continued to work for Defendants, Defendants failed to accrue to them the PTO wages they were due and owed because Defendants unlawfully capped the number of PTO hours that can be carried over to the following calendar year to 40 hours.

144.    PTO wages are deferred wages that vest once accrued. An employer must pay its employees all unused vested PTO at the time of termination at the employees' final rate of pay. *See* Cal. Lab. Code § 227.3.

145.    Moreover, Defendants terminated Plaintiffs and other similarly situated employees without paying them the PTO wages they did accrue, in violation of California law, and employed policies and procedures which ensured Plaintiff and those similarly situated would not receive their accrued and vested PTO wages upon termination.

146.    Defendants employed policies, practices, and procedures which ensured Plaintiffs and the members of the California Rule 23 Class would not receive their accrued and vested PTO wages upon the separation of their employment from Defendants.

147.    Pursuant to California Labor Code § 227.3, Plaintiffs and members of the Rule 23 California Class seek their earned and vested PTO wages, plus interest thereon, for the entire California Class Period.

148.    Plaintiffs are informed and believe and based thereon alleges that Defendants' willful failure to provide Plaintiffs and California Rule 23 Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiff Leeman and California Rule 23 Class Members who have separated from employment are entitled to compensation pursuant to Labor Code §

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

203.

## COUNT EIGHT: VIOLATION OF CALIFORNIA'S WAGE STATEMENT REQUIREMENTS

**(Cal. Lab. Code §§ 226, 1174(d), and 1198; Wage Order No. 4)**

**(Brought by Plaintiff Heid on behalf of herself and members of the California Rule 23 Class)**

149.    Plaintiff Heid realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

150.    Labor Code § 226(a) requires Defendants, "semimonthly or at the time of each payment of wages," to furnish their workers with "an accurate itemized statement in writing" showing gross and net wages earned, total hours worked by the employee, rates of pay, and the correct entity that employs them. Defendants knowingly and intentionally failed to provide its workers with such timely and accurate wage-and-hour statements.

151.    California Rule 23 Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide their workers with the wage-and-hour statements required by law.

152.    Under Labor Code § 226(e) and (t), and based on Defendants' conduct as alleged herein, California Rule 23 Class Members are entitled to (a) $50 for the initial pay period in which a wage and hour statement violation occurred, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars $4,000; (b) injunctive relief to ensure Defendants' compliance with Labor Code § 226; and (c) an award of costs and reasonable attorney's fees.

153.    Moreover, as a result of Defendants' conduct, California Rule 23 Class Members have suffered actual damages in that, among other things, the lack of accurate wage statements hindered them from determining the correct amount of

COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____

wages owed to them and what legal entity employed them. The absence of accurate wage statements has caused California Rule 23 Class Members time, money, and energy in attempting to reconstruct time and pay records and resulted in the submission by Defendants of inaccurate information about hours worked and wages earned. As a result of Defendants' failure to provide California Rule 23 Class Members with timely and accurate wage statements, they are entitled to recover the aggregate sum according to proof, of all actual damages they suffered.

154.    Defendants' conduct also entitles California Rule 23 Class Members to seek preliminary and permanent injunctive relief including, but not limited to, an order that it issue wage-and-hour statements to their workers that comply with Labor Code § 226.

## COUNT NINE: FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED EXPENDITURES

### (Cal. Lab. Code § 2802)

### (Brought by Plaintiffs on Behalf of Themselves and Members of the California Rule 23 Class)

155.    Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint as if fully pled herein.

156.    Plaintiffs and members of the California Rule 23 Class have been employed by Defendants in the State of California. California law requires that Defendants indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. *See* Cal. Lab. Code § 2802.

157.    Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiffs and members of the California Rule 23 Class for necessary expenditures they

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiffs and similarly situated employees were required to supply their own telephone and highspeed internet services, internet equipment and replacement computer equipment without proper reimbursement.

158.    Moreover, Defendants employed policies and procedures which ensured Plaintiffs and the members of the California Rule 23 Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiffs and members of the California Rule 23 Class not receiving such indemnification in compliance with California law.

159.    Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiffs and the members of the California Rule 23 Class for monies to compensate them for the use of the employment-related expenses they incurred under Labor Code § 2802.

160.    As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiffs and members of the California Rule 23 Class have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of herself and on behalf of the California Rule 23 Class, seek damages and all other relief allowable including indemnification for all employment-related expenses and ordinary business expenses incurred by Defendants and passed onto Plaintiffs and the members of the California Rule 23 Class pursuant to Labor Code § 2802.

161.    Pursuant to Labor Code § 2802, Plaintiffs and members of the California Rule 23 Class are entitled to recover full indemnification of unreimbursed business expenses, reasonable attorney's fees and costs of suit.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

## COUNT TEN: FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT

### (Cal. Lab. Code §§ 201-203)

### (Brought by Plaintiff Leeman on Behalf of Herself and Members of the California Rule 23 Class)

162.   Plaintiff Leeman hereby incorporates by reference each and every other paragraph in this Complaint as if fully pled herein.

163.   At all times relevant to this Complaint, Plaintiff Leeman and members of the California Rule 23 Class were employees of Defendants, covered by California Labor Code §§ 201-203.

164.   Pursuant to California Labor Code §§ 201-203, Plaintiff Leeman and members of the California Rule 23 Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

165.   Defendants failed to pay Plaintiff Leeman and members of the California Rule 23 Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201-203. Specifically, in direct violation of Labor Code §§ 201-203, despite that Plaintiff Leeman's employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiff Leeman all her earned wages in her final paycheck. Plaintiff Leeman is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

**COLLECTIVE AND CLASS ACTION COMPLAINT** │ No. _____

166.    Defendants' failure to pay Plaintiff Leeman and members of the California Rule 23 all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with California Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of California Labor Code §§ 201 and 202.  Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rest periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay its hourly non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

167.    Pursuant to either California Labor Code §§ 201 or 202, Plaintiff Leeman and members of the California Rule 23 Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

168.    Pursuant to California Labor Code § 203, Plaintiff Leeman and members of the California Rule 23 are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

169.    As a result of Defendants' conduct, Plaintiff Leeman and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

170.    As a result of Defendants' conduct, Plaintiff Leeman and members of the California Rule 23 Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

- 37 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

171.    Plaintiff Leeman and members of the California Rule 23 Class are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, and interest thereon.

**COUNT ELEVEN: VIOLATIONS OF THE UCL**

**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

**(Brought by Plaintiffs on Behalf of Themselves and Members of the**

**California Rule 23 Class)**

172.    Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint as if fully pled herein.

173.    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to reimburse all business expenses in violation of § 2802; and (f) failing to remunerate all employees for all wages due upon separation of employment in violation of §§ 201-203.

174.    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

175.    Plaintiffs seek individually and on behalf of other members of the California Rule 23 Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

176.     Plaintiffs are informed and believe, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiffs and other members of the California Rule 23 Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, requests this Court grant the following relief in Plaintiffs', the Collective Members' and the California Rule 23 Class Members' favor, and against CyraCom:

A.     For an order conditionally certifying the proposed FLSA Class and certifying the proposed California Rule 23 Class;

B.     For an order appointing Plaintiffs as the representatives of the FLSA Class and California Rule 23 Class as described herein;

C.     For the Court to declare and find CyraCom committed one or more of the following acts:

  i.  Violated the minimum wage and overtime provisions of the FLSA;

  ii. Willfully violated the minimum wage and overtime provisions of the FLSA; and

  iii. Violated the minimum wage, overtime, meal-and-rest period, vested vacation wage, wage statement, expense reimbursement, and timely wage payment requirements of California law.

D.     For the Court to award damages and/or restitution in the amounts of all unpaid minimum and overtime wages, premium wages, vested vacation wages, unreimbursed expenses, statutory and civil penalties, and waiting-time penalties due and owing to Plaintiffs, the FLSA Collective Members,

- 39 -

**COLLECTIVE AND CLASS ACTION COMPLAINT | No. _____**

1    and the California Rule 23Class Members;

2    E.    For the Court to award compensatory damages, including liquidated

3    damages pursuant to 29 U.S.C. § 216(b) and Cal. Lab. Code § 1194.2, in

4    amounts to be determined at trial;

5    F.    For the Court to award prejudgment and post-judgment interest on any

6    damages awarded;

7    G.    For the Court to award all treble damages, interest, attorneys' fees and

8    costs owed to Plaintiffs and the California Rule 23 Class Members under

9    California law including, but not limited to, California Labor Code §§

10   218.5, 226, 1194, 2802, and Code of Civil Procedure § 1021.5;

11   H.    For the Court to award Plaintiffs' and the Collective Members' reasonable

12   attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all

13   other causes of action set forth in this Complaint;

14   I.    For the Court to provide a reasonable service award for Plaintiffs to

15   compensate them for the time they spent attempting to recover wages for

16   the FLSA Collective Members and California Rule 23 Class Members and

17   for the risks they took in doing so; and

18   J.    Such other relief as this Court deems just and proper.

19   **DEMAND FOR JURY TRIAL**

20   Plaintiffs, the FLSA Collective Members, and the California Rule 23 Class

21   Members hereby demand a jury trial on all causes of action and claims with respect to

22   which they each have a state and/or federal constitutional right to a jury trial.

23   DATED: September 26, 2022                    Respectfully submitted,

24

25

26

27

28

- 40 -

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

1

**KABATECK LLP**

2

3          By: /s/ *Jerusalem F. Beligan*
               Brian S. Kabateck (SBN 152054)
4               bsk@kbklawyers.com
               Shant Karnikian (SBN 285048)
5               sk@kbklawyers.com
               Jerusalem F. Beligan (SBN 211258)
6               jfb@kbklawyers.com
               633 W. Fifth Street, Suite 3200
7               Los Angeles, CA 90071
               Telephone: (213) 217-5000

8

9          **SIMON LAW CO.**

10

11         By: /s/ *James L. Simon*
               James L. Simon (*pro hac vice*
12              forthcoming)
                james@simonsayspay.com
13              5000 Rockside Road
               Liberty Plaza – Suite 520
14              Independence, OH 44131
               Telephone: (216) 816-8696

15

16         By: /s/ *Michael L. Fradin*
               Michael L. Fradin (*pro hac vice*
17              forthcoming)
               mike@fradinlaw.com
18              8401 Crawford Ave., Ste. 104
               Skokie, IL 60076
               Telephone: 847-986-5889

19

20         *Attorneys for Plaintiffs and the Putative Classes*

21

22

23

24

25

26

27

28

**COLLECTIVE AND CLASS ACTION COMPLAINT │ No. _____**

Exhibit A

DocuSign Envelope ID: AAF89D36-72EB-4FE0-9D12-438E5EF624F5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ingrid Leeman and Helaine Heid**, individually, and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **CyraCom International, Inc.,** a Delaware Corporation and Does 1-10 <br><br> Defendants. | No. <br><br> **CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |

I, Helaine Heid, do hereby consent to be a party plaintiff to the above-entitled action. I authorize my attorneys, the Law Offices of Simon & Simon, Michael Fradin, Attorney at Law, Kabatek LLP and their associated attorneys ("the Attorneys"), to file the Complaint on my behalf and for other employees similarly situated. I authorize the Attorneys to represent me in the Lawsuit and make decisions on my behalf, including how to conduct the Lawsuit, settlement, and all other matters related to the Lawsuit.

DocuSigned by:

_Helaine Heid_

C3075286425C4BE...

Helaine Heid

9/20/2022

_____

Date

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ingrid Leeman and Helaine Heid**, individually, and on behalf of themselves and all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>**CyraCom International, Inc**., a Delaware Corporation and Does 1-10<br><br>               Defendants. | No.<br><br>**CONSENT TO JOIN COLLECTIVE ACTION AS NAMED PLAINTIFF** |

I, Ingrid Leeman, do hereby consent to be a party plaintiff to the above-entitled action. I authorize my attorneys, the Law Offices of Simon & Simon, Michael Fradin, Attorney at Law, Kabatek LLP and their associated attorneys ("the Attorneys"), to file the Complaint on my behalf and for other employees similarly situated. I authorize the Attorneys to represent me in the Lawsuit and make decisions on my behalf, including how to conduct the Lawsuit, settlement, and all other matters related to the Lawsuit.

DocuSigned by:

73DEBE87D2424A0...

Ingrid Leeman

9/19/2022

Date