UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELAINE HEID, INGRID LEEMAN, and MIRIAM SARAIVA, *individually and on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CYRACOM INT'L, INC., et al.<br><br>Defendants. | Case No. 22-cv-1445-MMA (KSC)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT**<br><br>[Doc. No. 25] |

This is a wage and hour hybrid state law class action under Rule 23 of the Federal Rules of Civil Procedure and a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, brought by Plaintiffs Helaine Heid, Ingrid Leeman, and Miriam Saraiva on behalf of themselves and other individuals who are or were employed as non-exempt interpreters by Defendant CyraCom International, Inc. ("CyraCom"). Plaintiffs also seek civil penalties under California's Private Attorney General Act ("PAGA"), Labor Code § 2698 *et seq.* Currently pending before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of FLSA and Class Action Settlement (the "Motion"). Doc. No. 25. Having considered the Motion, briefing, and

evidence submitted in support thereof, and finding good cause therefor, the Court hereby **ORDERS** as follows:

1. The Motion is **GRANTED**. The Court preliminarily approves, and incorporates by reference, the Class and Collective Action Settlement Agreement and Release (the "Settlement Agreement"), which is attached as **Exhibit 1** to the Declaration of Jerusalem F. Beligan. *See* Doc. No. 25-2 at 7–54.

2. The Court finds, on a preliminary basis, that the proposed settlement is fair, reasonable and adequate, because: (A) Named Plaintiffs[1] and Class Counsel have adequately represented the Class/Collective Members; (B) the settlement was negotiated at arm's length, including via a mediation with mediator David Rotman; (C) the relief provided for the Class/Collective Members is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed Attorneys' Fees Award, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) (namely, the Settlement Agreement); and (D) the proposed settlement treats Class/Collective Members equitably relative to each other.

3. **Conditional Certification**. The Court provisionally certifies the following class and collective for settlement purposes only:

   a. **The FLSA Collective**: Named Plaintiffs and all current and former employees employed by CyraCom as Interpreters in the United States (excluding New York based Interpreters) from September 26, 2019 through May 31, 2023 and who opt-in the Action after notice is issued.

The Court provisionally finds that Named Plaintiffs and other Interpreters in the FLSA Collective are "similarly situated" within the meaning of FLSA because they

---

[1] Capitalized terms not otherwise defined herein have the definitions given to them in the Settlement Agreement.

allegedly worked pre- and post-shift hours for which they were not paid, were not paid for rest breaks that were less than 20 minutes, and had to pay internet expenses that they claim should have been borne by CyraCom. *See Sanchez v. Sephora USA, Inc.*, No. C 11–3396 SBA, 2012 WL 2945753, at *3 (N.D. Cal. July 18, 2012) (granting conditional certification in an FLSA action based on pleadings and declarations from plaintiffs).

    b. **The California Class**: Plaintiff Heid, Plaintiff Leeman, and all current and former employees employed by CyraCom as Interpreters in the State of California from September 26, 2018 through May 31, 2023 and who do not opt-out after receiving notice.

  The Court provisionally finds that Fed. R. Civ. P. 23(a) is satisfied, because: (1) the California Class, which consists of more than 200 members, is so numerous that joinder would be impracticable; (2) there are questions of law or fact common to the class (including whether CyraCom's overtime, pay, meal period, and rest break policies were legal); (3) Plaintiffs' claims are typical of the claims of the California Class; and (4) Plaintiffs and Class Counsel will adequately and fairly represent the interests of the California Class. The Court further finds that certification is proper under Rule 23(b)(3), because (1) questions of law or fact common to the California Class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

  4. **Class Counsel**. The Court provisionally finds that Brian S. Kabateck and Jerusalem F. Beligan of Kabatek, LLP, James L. Simon of Simon Law Co., and Michael L. Fradin of Fradin Law, are sufficiently experienced and proficient in class action proceedings such that they may act as Class Counsel for purposes of approving the Settlement Agreement.

  5. **Class Representatives**. The Court provisionally appoints Named Plaintiffs as class representatives for the FLSA Collective, and Plaintiffs Heid and Plaintiff Leeman for the California Class and PAGA Representative Group for purposes of approving the Settlement Agreement.

6. **Settlement Administrator**.  The Court appoints APEX Class Action Administration as the Settlement Administrator to carry out settlement administration duties as set forth in the Settlement Agreement.

7. **Class Notice**. The Notices of Settlement and FLSA Opt-In Consent Form attached as **Exhibits A** through **C** to the Settlement Agreement, which will be sent to the Class/Collective Members for purposes of, among other things, notifying them of the pendency of the Action and proposed Settlement, the schedule and procedure for the opportunity to opt-in or opt-out, and submitting objections to the proposed Settlement, as applicable, are hereby approved and shall be disseminated to the Class/Collective Members as set forth in the Settlement Agreement.

8. **Final Approval**.  A Final Approval Hearing is set for **August 21, 2024**, at **2:30 p.m.**, in **Courtroom 3C**.  Plaintiffs shall file a Motion for Final Approval no later than **July 24, 2024**.

**IT IS SO ORDERED**.

Dated:  April 4, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge